767 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN W. TOMPKINS AND THELMA TOMPKINS, PLAINTIFFS-APPELLEES,
v.
PETTIBONE MERCURY CORPORATION, GENERAL ELECTRIC COMPANY,
U.S.A., DEFENDANTS-APPELLANTS.
 NOS. 84-1392, 84-1425
 United States Court of Appeals, Sixth Circuit.
 6/3/85
 
 E.D.Mich.
 AFFIRMED
 On Appeal from the United States District Court for the Eastern District of Michigan
 Before: ENGEL and KEITH, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants General Electric Company, USA (GE) and Pettibone Mercury Corporation (Pettibone) appeal from the judgment of the United States District Court for the Eastern District of Michigan after a trial before a jury in this products liability action. Jurisdiction in the district court was based upon diversity of citizenship, and Michigan law applies.
 
 
 2
 Plaintiff John W. Tompkins instituted action along with his wife, Thelma Tompkins, against defendants for injuries that arose out of an industrial accident involving a forklift truck at John's place of employment, the General Motors Corporation facility in Flint. Plaintiff John Tompkins asserted that while he was directing the loading of racks of parts, he became trapped between two sets of racks; the forklift in question then uncontrollably lurched forward, striking the racks and causing him severe injury. The forklift truck was manufactured and sold by defendant Pettibone and incorporated an electrical control system manufactured by defendant GE. The case was sent to the jury solely on the issue of breach of implied warranty; other theories having been dismissed. The jury returned a verdict against both defendants in the amount of $100,000 less $10,000 for the 10 percent comparative negligence which the jury attributed to John Tompkins. Thelma Tompkins received nothing on her consortium claim.
 
 
 3
 The defendants appeal raising a variety of assignments of error. First, both defendants claim that the district court erred in permitting testimony of prior incidents involving the forklift truck because there was no substantial similarity between those incidents and the instant accident. Second, both defendants claim that the district court erred in not admitting evidence of the forklift operator not having a company forklift license. Third, both defendants claim that the district court erred in not admitting evidence that the design and manufacture of the forklift was reasonable and met governmental and industrial standards. Fourth, both defendants claim the district court erred in denying defendants defense of superseding intervening cause--General Motors' continued use of the forklift after problems were evident. Pettibone also claims that the district court erred in refusing to permit the jury to determine whether General Motors' acts were the sole proximate cause of plaintiff's injuries. GE also claims that the district court erred in not giving GE's laches/failure to produce evidence jury instruction. GE additionally argues that the trial court erred in denying its motion for a directed verdict.
 
 
 4
 This case was tried before an experienced trial judge well versed in Michigan law. While the several issues presented were by no means without difficulty, upon a careful review of the record and of the briefs of the parties, we conclude that the trial judge correctly applied state law in both his rulings on the evidence and in his instructions to the jury. Defendants correctly point to the absence of any direct evidence of a specific defect in the electrical control system which it was claimed produced the erratic performance of the machine and ultimately the plaintiff's injuries. Plaintiff introduced evidence of the forklift's erractic performance prior to and at the time of the accident, evidence of its recent acquisition, evidence that its condition was not altered or changed since acquired, and expert testimony from all of which the jury could infer that the electrical control system of the truck left the manufacturer in a defective condition which was a proximate cause of Tompkins' accident and injuries. This evidence was sufficient to create a prima facie case which compelled the trial judge to present the question of breach of implied warranty of fitness to the jury.
 
 
 5
 AFFIRMED.